SCHWARTZ, Judge.
The attorney’s fees recoverable under Section 627.428, Florida Statutes (1977), from insurance companies by successful insureds and beneficiaries may not be “allowed if such suit was commenced prior to expiration of sixty days after proof of the claim was duly filed with the insurer.” Section 627.428(2). We agree with the trial judge that the filing by the appellee, which was the named beneficiary of a Prudential policy insuring the life of one of its employees, of a completed form entitled “Request Life Insurance Policy Benefits” which had been supplied by Prudential itself, amounted to the “proof of the claim” contemplated by this provision. Because the action below was filed more than sixty days after the “request,” we therefore affirm the partial summary judgment under review which held that the appellee was entitled to fees under the statute, even though Prudential voluntarily paid the face amount of the policy after the suit was filed.
There is nothing in the statutory definition of “proof of the claim” which requires, as Prudential contends, that the beneficiary also submit a death certificate, an autopsy report, or any details of the insured’s death beyond the information called for in the form. See DaRin v. Casualty Co. of America, 41 Mont. 175, 108 P. 649 (1910); cf. 18 Fla.Jur., Insurance, Sections 793-794 (1971), and cases cited. While the insurer is of course entitled to make a reasonable investigation of the claim prior to payment, the very purpose of the sixty day period under Section 627.428(2) is to provide that opportunity. See Shuster v. New York Life Ins. Co., 351 So.2d 62, 65 (Fla. 3d DCA 1977). When, as here, the investigation, however “reasonable,” goes beyond the statutory sixty-day period before suit is filed, the insurance company becomes liable for the payment of fees.
Affirmed.