409 So.2d 97 (1982)
FLORIDA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,
v.
Manuel QUINONES, Appellee.
No. 80-101.
District Court of Appeal of Florida, Third District.
January 19, 1982.
Rehearing Denied February 24, 1982.
*98 Fowler, White, Burnett, Hurley, Banick & Strickroot and A. Blackwell Stieglitz and Henry Burnett, Miami, for appellant.
High, Stack, Lazenby, Bender, Palahach & Lacasa and R. Scott Boundy, Miami, for appellee.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
HUBBART, Chief Judge.
The central question presented for review is whether an insured who obtains a judgment in his favor and against his uninsured motorist carrier in a Florida court on a policy of insurance executed by the said carrier is entitled to a reasonable attorney's fee award in his favor. We hold that: (1) Section 627.428(1), Florida Statutes (1977), authorizes such an award, which result is not changed by the fact: (a) that the action is brought to resolve disputes between the insured and his uninsured motorist carrier over the liability of the uninsured motorist tortfeasor or the amount of damages incurred, or (b) that the insured would not have been entitled to such an award had he obtained a judgment against the uninsured motorist tortfeasor; (2) Section 627.727(6), Florida Statutes (1977), makes such an award inapplicable only in the single instance, more particularly described in the above statute, where the insured or his personal representative brings suit against his uninsured motorist carrier and the tortfeasor's liability carrier after the former carrier has declined to approve a settlement between the insured and the latter carrier. We, accordingly, affirm the attorney's fee award under review by this appeal.

I
The relevant facts pertaining to the above issue are not in dispute. On January 4, 1978, the insured Manuel Quinones was injured in an automobile accident involving an uninsured motorist. Quinones subsequently brought suit seeking insurance benefits for his injuries against his uninsured motorist carrier, Florida Farm Bureau Mutual Insurance Company, based on a policy of insurance executed by the said carrier. Ultimately, he obtained a final judgment in his favor and against Florida Farm in the *99 Dade County Circuit Court. The trial court thereafter awarded Quinones attorney's fees by separate order, from which Florida Farm appeals. We have jurisdiction to entertain this appeal. Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(4).

II
Section 627.428(1), Florida Statutes (1977), provides as follows:
"Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured ... under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured ... a reasonable sum as fees or compensation for the insured's ... attorney prosecuting the suit in which the recovery is had."
The paramount criterion for an award of attorney's fees under this statute is "the entry of a judgment on the merits against the insurer and in favor of the insured... ." American Home Assurance Co. v. Keller Industries, 347 So.2d 767, 770 (Fla. 3d DCA 1977), cert. denied, 360 So.2d 1249 (Fla. 1978). In the instant case, the insured Quinones has clearly obtained a judgment on the merits from a Florida court against his insurer and in his favor on a policy or contract executed by his insurer; he is, accordingly, entitled to an attorney's fee award under the statute.

A
It is urged, however, by Florida Farm that there can be no award of attorney's fees for an insured against his uninsured motorist carrier under the above statute where suit is brought, as is allegedly true here, to dispose of disputes over the liability of the uninsured tortfeasor or the amount of damages incurred. It is also urged that such an attorney's fee award does not lie where the insured, as here, could not have obtained an award of attorney's fees had he secured a judgment against the uninsured motorist tortfeasor. We must reject both arguments.
First, we are cited no statutory or case law which supports such novel theories and our independent research has disclosed none. We have not overlooked the cases cited to us by Florida Farm,[1] but find them inapplicable. Second, we would have to rewrite Section 627.428(1), Florida Statutes (1977), on a wholesale basis, in our view, in order to adopt the position here urged by Florida Farm; neither this statute, nor any other, contains language which would reasonably lend itself to a construction consistent with Florida Farm's position. We are not authorized to amend statutes under the guise of statutory construction in order to achieve results thought desirable by the court or the litigants. Vocelle v. Knight Brothers Paper Co., 118 So.2d 664, 668 (Fla. 1st DCA 1960). Our sole duty is to enforce the statute here according to its plain and unambiguous terms, a duty which we perform today by sustaining the instant attorney's fee award. State v. Egan, 287 So.2d 1, 4 (Fla. 1973); 30 Fla.Jur., "Statutes" § 223 (1974).

B
It is further urged by Florida Farm that Section 627.727(6), Florida Statutes (1977), precludes an award of attorney's fees in this case. We cannot agree. This statute contains a lengthy provision relating to a limited type of uninsured motorist action brought by an insured after his uninsured motorist carrier has declined to approve a settlement between the insured and the tortfeasor's liability carrier. As to that limited action, admittedly inapplicable here, the statute denies an attorney's fee recovery for the insured. The statute provides as follows:
"If an injured person or, in the case of death, the personal representative agrees to settle a claim with a liability insurer and its insured for the limits of liability, *100 and such settlement would not fully satisfy the claim for personal injuries or wrongful death so as to create an uninsured motorist claim against the uninsured motorist insurer, then such settlement agreement shall be submitted in writing to the uninsured motorist insurer, which shall have a period of 30 days from receipt thereof in which to agree to arbitrate the uninsured motorist claim and approve the settlement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release. If the uninsured motorist insurer does not agree within 30 days to arbitrate the uninsured motorist claim and approve the proposed settlement agreement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release, the injured person or, in the case of death, the personal representative may file suit joining the liability insurer's insured and the uninsured motorist insurer to resolve their respective liability for any damages to be awarded; however, in such action, the liability insurer's coverage shall first be exhausted before any award may be entered against the uninsured motorist insurer, and any such award against the uninsured motorist insurer shall be excess and subject to the provisions of s.627.727(1). Any award in such action against the liability insurer's insured shall be binding and conclusive as to the injured person and uninsured motorist insurer's liability for damages up to its coverage limits. The provisions of s.627.428 shall not apply to any action brought pursuant to this section against the uninsured motorist insurer."
It is true that the last sentence of the above statute makes Section 627.428, Florida Statutes (1977) [the aforementioned attorney's fee statute in insurance cases], inapplicable to "any action brought pursuant to this section against the uninsured motorist insurer." This sentence, however, when read in context, plainly applies to the type of action brought by an insured which has previously been described in the statute and to nothing else; otherwise, the subject matter of the statute would abruptly change in the last sentence from the narrow action previously dealt with to a broader class of uninsured motorist actions. We ought not read the statute out of context in such an unsyntactical way as we are constrained by law to give effect to the plain meaning of statutes when read in context according to the ordinary rules of usage required by English language. Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958); State ex rel. Triay v. Burr, 79 Fla. 290, 84 So. 61, 73 (1920); see also R. Dickerson, The Interpretation and Application of Statutes 23 (1975).
Moreover, the failure to use the more apt and technical term "subsection," rather than "section" in the last sentence of the statute,[2] cannot, in our view, change this result as the two terms are at times used interchangeably; for example, our official citation form for the instant statute employs the term "section," when used in the text of a brief or opinion, rather than the term "subsection." See Fla.R.App.P. 9.800. Beyond that, no other action by an insured against an uninsured motorist carrier is mentioned in any other subsection of Section 627.727, Florida Statutes (1977), so that necessarily the action referred to herein must be the action previously described in Section 627.727(6), Florida Statutes (1977). It is only in this type of action, inapplicable here, where the insured would not be entitled to an attorney's fee award from his uninsured motorist carrier.[3]

III
We have examined the other arguments raised by Florida Farm upon this appeal *101 and find them to be without merit. The order under review is, accordingly,
Affirmed.
DANIEL S. PEARSON, Judge, concurring.
If, as the majority suggests, the final sentence of Section 627.727, subsection (6),
"... The provisions of s. 627.428 shall not apply to any action brought pursuant to this section against the uninsured motorist insurer."
is plain and unambiguous, then its language leads to a conclusion opposite that reached by the majority. I would much prefer the open admission that an ambiguity is created by the placement of this sentence within the subsection, while the very language of the sentence purports to qualify any action under the section. Since, as the majority points out, the only action under Section 627.727 is that described in subsection (6), we resolve this ambiguity by reading section as subsection. This is, indeed, the process by which the majority has reached the result, and, in my view, it is not helpful to pretend that the statute is amenable to being enforced "according to its plain and unambiguous terms."
NOTES
[1] See e.g., Manufacturers Life Ins. Co. v. Cave, 295 So.2d 103 (Fla. 1974); Government Employees Ins. Co. v. Graff, 327 So.2d 88 (Fla. 1st DCA 1974); see e.g., Rutkin v. State Farm Mutual Automobile Ins. Co., 195 So.2d 221 (Fla. 3d DCA 1967), aff'd, 199 So.2d 705 (Fla. 1967).
[2] The enacting legislation, Chapter 77-468, § 30, Laws of Florida, which added subsection (6) to Section 627.727, Florida Statutes (1977), employs the technically correct terminology of "section" and "subsection," but this technical distinction was not carried over in the actual language of subsection (6). We regard this lapse in draftsmanship, however, as not being decisive in this case for the reasons which follow.
[3] We regret that we cannot agree with our distinguished sister court, the Fourth District Court of Appeal, which has reached an opposite result on this issue. Spaulding v. American Fire & Indemnity Co., (Fla. 4th DCA 1981) (case no. 80-1328, opinion filed November 4, 1981) (6 F.L.W. 2343). It is our view that the court therein has read the last sentence of Section 627.727(6), Fla. Stat. (1977), out of context.