522 So.2d 1028 (1988)
FORTUNE INSURANCE COMPANY, Appellant,
v.
Angel E. BRITO, Appellee.
No. 87-299.
District Court of Appeal of Florida, Third District.
April 5, 1988.
*1029 O'Malley and Sternberg and Terence T. O'Malley (Ft. Lauderdale), for appellant.
Horton, Perse & Ginsberg and Arnold Ginsberg, Stephen Nelson, Miami, for appellee.
Before BARKDULL, HENDRY and FERGUSON, JJ.
PER CURIAM.
Fortune Insurance Company appeals from an order awarding attorney's fees to the insured, Angel Brito. Following an automobile accident Brito filed a claim under his PIP policy with Fortune. When coverage was denied Brito initiated a lawsuit against Fortune. Before trial Fortune paid Brito $2,000 on the $10,000 policy after applying the $8,000 deductible provision. Brito filed a motion for attorney's fees pursuant to section 627.428, Florida Statutes (1983). After a hearing the court awarded $8,000 in fees to Brito's attorney.
In disputing the attorney's fee award Fortune makes two arguments. Fortune first contends that because no judgment was ever entered against the insurer, the trial court lacked the authority to enter an award for attorney's fees. Fortune's second point is that even if there was authority to award attorney's fees, the court's failure to make specific findings justifying an $8,000 fee award on a $2,000 recovery, requires a reversal. We agree with Fortune's second point.
Whether a court may award attorney's fees to an insured who has settled his claim against his insurance company is a question that was decided by the Florida Supreme Court in Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217 (Fla. 1983). In interpreting section 627.428, Florida Statutes (1983),[1] the court held that in order to discourage litigation and encourage prompt settlement "the payment of a claim is ... the functional equivalent of a confession of judgment." Wollard, 439 So.2d at 218. Fortune could not escape liability for attorney's fees under the statute simply by settling the suit before a judgment was entered.
In granting the insured's motion for attorney's fees, however, the trial judge failed to make findings on the record or in *1030 the final order in support of the $8,000 fee award. The absence of specific findings in support of the award requires a remand for an evidentiary hearing. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Travelers Indem. Co. v. Sotolongo, 513 So.2d 1384 (Fla. 3d DCA 1987); Lake Tippecanoe Owners Ass'n v. Hanauer, 494 So.2d 226 (Fla. 2d DCA 1986).
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] Section 627.428(1) provides:

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.