537 So.2d 665 (1989)
Deborah LACHANCE and State Farm Fire & Casualty, Appellants,
v.
Lori Ann SAGUMERI, Appellee.
No. 87-2327.
District Court of Appeal of Florida, Fourth District.
January 18, 1989.
Rehearing and Rehearing Denied February 10, 1989.
Robert H. Schwartz of Gunther & Whitaker, P.A., Fort Lauderdale, for appellants State Farm Fire & Cas.
Reed S. Tolber of the Law Offices of Reed Stewart Tolber, P.A., Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied February 10, 1989.
COOK, JACK H., Associate Judge.
Appellant, State Farm, appeals from that portion of a Final Judgment finding that Appellee, Lori Sagumeri, is entitled to attorney's fees pursuant to section 627.428(1), Florida Statutes (1987). We hold that such an award is prohibited by section 627.727(8), Florida Statutes (1987), and accordingly reverse.
Lori Sagumeri sued State Farm for uninsured motorist benefits. State Farm did not contest coverage and prior to the trial, it filed an offer of judgment which was accepted by Sagumeri. Under section 627.428(1), an insured is entitled to an award of attorney's fees against her own insurer when suit is brought on the insurance policy and the insured prevails. However, section 627.727(8) provides as follows:
The provisions of s. 627.428 do not apply to any action brought pursuant to this section against the uninsured motorist insurer unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident.
The crucial question is what meaning should be ascribed to the phrase "any action brought pursuant to this section" in section 627.727(8). Relying on this court's decision in Spaulding v. American Fire & Indemnity Company, 412 So.2d 367 (Fla. 4th DCA 1982), rev'd on other grounds, 442 So.2d 206 (Fla. 1983) and Florida Farm Bureau Mutual Insurance Company v. Quinones, 409 So.2d 97 (Fla. 3d DCA 1982), Sagumeri argues that this phrase *666 applies only to the type of action described in section 627.727(6), which is the only type of action specifically provided for in section 627.727.
At the time of the decisions in Spaulding and Quinones, the limitation on attorney's fees in section 627.727 appeared in subsection 6 and read as follows:
The provisions of s. 627.428 shall not apply to any action brought pursuant to this section against the uninsured motorist insurer.
The question presented to the Spaulding and Quinones courts was whether the limitation of attorney's fees applied only to that limited type of action described in subsection 6 or whether it applied to uninsured motorist claims in general. The Quinones court observed that the limitation referred to "any action brought pursuant to this section" but noted that the terms "section" and "subsection" are often used interchangeably. In light of the placement of the limitation at the end of subsection 6, the Quinones court determined that the legislature had intended the word "section" to mean "subsection" and thus held that the limitation on attorney's fees applied only to subsection 6 actions. The court in Spaulding adopted the holding and reasoning in Quinones on this matter.
Subsequent to the Quinones and Spaulding decisions, the legislature changed the phraseology of the attorney's fees limitation by adding the phrase "unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident." Contemporaneously, the legislature also removed the attorney's fees limitation from subsection 6 and placed it in subsection 8, which contains no other subject matter. State Farm argues that this action by the legislature demonstrates its intent that an insured should now have the right to recover attorney's fees from the insurance company in an uninsured motorist's suit only where the insurance company has denied coverage. State Farm also reasons that to hold otherwise would lead to the anomalous result of an injured insured being in a better position if the tort-feasor did not carry insurance than he would be in if the tort-feasor did carry insurance. In the former situation he would recover his attorney's fees as well as his damages, while in the latter, he would be limited to his damages without attorney's fees.
Section 627.727 creates a duty of insurers to offer uninsured motorist coverage in this state. The statute also particularly describes the manner in which such coverage must be offered as well as the damages recoverable in uninsured motorist actions. When the breadth of section 627.727 is considered, along with its amendment after the Quinones and Spaulding decisions, we believe the most reasonable interpretation of subsection 8 is that it is meant to limit attorney's fees to those actions for uninsured motorist benefits where the insurance company denies coverage. This interpretation is also consistent with the meaning of the phrase "pursuant to." In Old Colony Trust Company v. Commissioner of Internal Revenue, 301 U.S. 379, 57 S.Ct. 813, 815, 81 L.Ed. 1169 (1937), the Supreme Court addressed the meaning of the phrase "pursuant to" and noted that it is defined as "`acting or done in consequence or in prosecution (of anything); hence, agreeable; conformable; following; according.'" Considering the scope of section 627.727, we believe that it is appropriate to say that an uninsured motorist action is brought pursuant to, i.e., as a consequence of, that statute.
Accordingly, the portion of the Final Judgment awarding appellee attorney's fees is reversed.
GLICKSTEIN and DELL, JJ., concur.