GERSTEN, Judge.
This appeal arises from an order denying the award of attorney’s fees to an insured, which followed an order granting the insurer’s motion to dismiss. The insured, appellant Lucio Avila (Avila), raises the issue of his entitlement to attorney’s fees, pursuant to section 627.428, Florida Statutes (1987). We reverse and remand.
The record reveals that Avila suffered personal injuries from an automobile accident while his automobile insurance policy was in full force and effect with appellee, Latin American Property and Casualty Insurance Company (Latin American). Latin American failed to pay Avila’s claim and Avila brought an action seeking declaratory relief. The action was dismissed pursuant to Latin American’s motion to dismiss for failing to state a cause of action. Avila seeks attorney’s fees claiming that a payment made by Latin American constitutes a settlement.
The issue of awarding attorney’s fees under section 627.428, Florida Statutes, has been litigated and is now well settled in the State of Florida. Where an insurer has agreed to settle a disputed case, it has, in effect declined to defend its position in the pending suit. The insurer’s payment of the claim has been deemed the functional equivalent of a confession of *895 judgment or a verdict in favor of the insured. Such settlement furnishes the basis for an award of attorney’s fees to the insured. Wollard v. Lloyd’s and Companies of Lloyd’s, 439 So.2d 217 (Fla.1983); Fortune Insurance Company v. Brito, 522 So.2d 1028 (Fla. 3d DCA 1988).
In the instant case, Latin American contends there was no payment prior to the dismissal and, thus, no settlement within the meaning of Wollard and Brito. Yet, Avila states that he received a check for medical benefits under the policy — after commencement of the action and prior to dismissal. Either this check was issued or it was not. If Latin American did issue this check as payment for a claim that had been properly submitted, but then denied, prior to the dismissal of the suit, then Latin American did “settle” within the meaning of Wollard and Brito. Assuming arguen-do, that the check was issued, then Avila would certainly be entitled to attorney’s fees.
This action is remanded for findings as to whether a check was issued by Latin American as payment on a claim submitted to Latin American before the dismissal was entered. If so, then the payment constituted a settlement, and attorney’s fees are mandatory. The court should then determine the reasonableness of the requested attorney’s fees. Fortune Insurance Company v. Brito, 522 So.2d at 1029-30. Reversed and remanded for proceedings not inconsistent with this opinion.