552 So.2d 1132 (1989)
Raul AMADOR, Appellant,
v.
LATIN AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY, Appellee.
No. 89-285.
District Court of Appeal of Florida, Third District.
October 10, 1989.
Rehearing Denied December 14, 1989.
*1133 Alan J. Hodin, Miami, and Kenneth D. Fink, for appellant.
Canning & Murray and C. Robert Murray, Miami, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
"When the insurance company has agreed to settle a disputed [automobile accident] case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured." Wollard v. Lloyd's & Companies of Lloyd's, 439 So.2d 217, 218 (Fla. 1983); see also Fortune Ins. Co. v. Brito, 522 So.2d 1028 (Fla. 3d DCA 1988). The trial court has no discretion to deny a reasonable attorney's fee to the prevailing plaintiff where the insurance company first disputes the claim and then settles the case after a lawsuit is filed. § 627.428(1), Fla. Stat. (1987) (upon rendition of judgment against an insurer the trial court shall adjudge against the insurer and in favor of the insured or beneficiary a reasonable sum as attorney fees).
Reversed and remanded.