559 So.2d 344 (1990)
Donna SANCHEZ, Formerly Donna Sanchez Hare, Appellant,
v.
AMERICAN AMBASSADOR CASUALTY COMPANY, Appellee.
No. 89-01239.
District Court of Appeal of Florida, Second District.
April 4, 1990.
*345 Randall O. Reder, Tampa and Thomas Bissonnette, Tampa, for appellant.
William E. Hennen and Ann O'Hern of Marlow, Shofi, Smith, Hennen, Smith & Jenkins, Tampa, for appellee.
RYDER, Judge.
Donna Sanchez contests an order which denied her motion for attorney's fees and costs after the trial court granted her petition to compel arbitration of her claim for uninsured motorist benefits. We reverse.
Sanchez was involved in an automobile accident on June 20, 1983. The accident was caused by an uninsured motorist, therefore, Sanchez sought coverage from her insurer, appellee American Ambassador Casualty Company.
Sanchez's claim remained pending for approximately four years with no resolution and the expiration of the statute of limitations was imminent. On March 10, 1988, Sanchez's attorney sent American Ambassador a certified letter in which he demanded that it either pay Sanchez uninsured motorist benefits of $30,000.00 or consider the letter to be a demand for arbitration. He also stated that he had already chosen an arbitrator and requested that American Ambassador choose an arbitrator so that a third arbitrator could be chosen within the next thirty days. American Ambassador received the letter on March 14, 1988, but did not respond.
On April 20, 1988, Sanchez filed her petition to compel arbitration alleging that she had requested arbitration by certified letter which American Ambassador received on March 14, 1988, but that it had refused to proceed with arbitration under the terms of the policy.
On May 18, 1988, American Ambassador sent a letter to Sanchez's attorney stating it was "reserving our right to later disclaim any obligation under the policy and to set up the defense of non-coverage under this policy... ." American Ambassador further explained that even if it did accept coverage, the coverage which existed was not as much as Sanchez alleged and that it "had some questions as to stacking that was in effect at the time in [Florida]... ." The letter did not address Sanchez's demand for arbitration.
One week later, American Ambassador filed a motion to dismiss Sanchez's petition to compel arbitration. Sanchez amended her petition and on July 21, 1988, American Ambassador filed a motion to dismiss the amended petition.
On August 8, 1988, the trial court rendered an order which compelled arbitration. In its order the court stated that American Ambassador had conceded that Sanchez was entitled to go to arbitration. The court reserved jurisdiction to determine an award of attorney's fees and costs.
On February 22, 1989, the trial court issued an order which denied Sanchez's motion for attorney's fees, citing section 627.727(8), Florida Statutes (1987), and LaChance v. Sagumeri, 537 So.2d 665 (Fla. 4th DCA), review denied, 545 So.2d 1368 (Fla. 1989). Section 627.727(8), Florida Statutes (1987), provides:
The provisions of s. 627.428 do not apply to any action brought pursuant to this section against the uninsured motorist insurer unless there is a dispute over whether the policy provides coverage for *346 an uninsured motorist proven to be liable for the accident.
Section 627.428(1), Florida Statutes (1987), provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
American Ambassador now claims that the only dispute with Sanchez was regarding how much coverage was available, therefore, section 627.727(8) prevents her from obtaining attorney's fees under section 627.428(1) because there was no dispute over whether the policy provided coverage. We disagree. The undisputed facts of this case clearly show that American Ambassador disputed providing Sanchez with coverage under the policy.
At the time of Sanchez's March 18, 1988 demand letter, her claim had been pending for almost five years. American Ambassador no doubt was well aware that the statute of limitations was due to run out in the near future. As follow up to Sanchez's March 18, 1988 letter, American Ambassador should have either informed Sanchez that it admitted coverage, even if the amount was uncertain, or informed her that it disputed coverage. However, American Ambassador did neither. It did not even respond to her letter until after Sanchez filed her petition to compel arbitration. That carefully crafted letter did not reveal whether American Ambassador was admitting or disputing coverage, but only informed her that the company reserved the right to disclaim coverage in the future. Subsequently, American Ambassador twice challenged her right to arbitration by filing motions to dismiss her petitions for same before conceding that Sanchez was, in fact, entitled to arbitration. An insurer's refusal to arbitrate an uninsured motorist claim is effectively a denial of coverage and a breach of contract. Paz v. Allstate Insurance Co., 478 So.2d 849, 850 (Fla. 3d DCA 1985). Here, although American Ambassador did not formally reject Sanchez's claim, its failure to respond to the demand for arbitration and motions to dismiss had the effect of denying coverage.
Furthermore, although American Ambassador argues that the dispute only focused upon the amount of uninsured motorist benefits which it would pay rather than whether uninsured motorist coverage existed, the facts in the record show otherwise. When American Ambassador finally responded to Sanchez's demand letter in its May 18, 1988 letter, it did not acknowledge that appellant was entitled to uninsured motorist benefits but instead reserved the right to deny coverage in the future. Thereafter, American Ambassador twice attempted to dismiss Sanchez's petition. In these motions, American Ambassador obviously challenged Sanchez's entitlement to any coverage, not as urged on appeal, that they admitted coverage for an amount less than $30,000.00. The record reveals it was not until the August 4, 1988 hearing on American Ambassador's motion to dismiss the second amended petition that American Ambassador's conceded that Sanchez was entitled to arbitration. Clearly, American Ambassador was disputing the very existence of coverage rather than merely the amount of coverage. The record simply does not reflect any affirmative action by American Ambassador to inform Sanchez that it admitted coverage but did not agree to the amount demanded by Sanchez. Rather, as we read the record, American Ambassador, by its initial inaction and then subsequent attempts to dismiss her petition, in effect, denied coverage to Sanchez. American Ambassador's initial inaction thus required Sanchez to go forward with legal action or lose her right to do so because of the impending expiration statute of limitations. She was subsequently required to defend against two attempts to have her petition dismissed before *347 American Ambassador conceded that she was entitled to arbitration.
American Ambassador's August 4, 1988 concession that Sanchez was entitled to arbitration supplies additional support for an award of attorney's fees to Sanchez. Where an insurer has agreed to settle a disputed case, the insurer has, in effect, declined to defend its position in the pending suit. As such, the agreement to settle is the functional equivalent of a confession of judgment and furnishes the basis for an award of attorney's fees to the insured. Avila v. Latin American Property & Casualty Insurance Co., 548 So.2d 894 (Fla. 3d DCA 1989). We hold here that there is no meaningful distinction between the settlement agreement in Avila and the concession by American Ambassador that Sanchez was entitled to arbitration. Thus, American Ambassador's concession that Sanchez was entitled to arbitration was the functional equivalent of admitting that there was a dispute over coverage, which provided the basis for the trial court's order compelling arbitration.
Although American Ambassador argues that LaChance, 537 So.2d at 665 governs this case, we disagree. The important facts in LaChance which distinguish it from this case is that in LaChance the insurance company did not contest coverage and filed an offer of judgment. Here, again, the record reflects that American Ambassador failed to admit and therefore functionally denied coverage.
The purpose of section 627.428 is to penalize a carrier for wrongfully causing its insured to resort to litigation in order to resolve a conflict with its insurer when it was within the carrier's power to do so. Government Employees Insurance Co. v. Battaglia, 503 So.2d 358 (Fla. 5th DCA 1987). See also Leaf v. State Farm Automobile Insurance Co., 544 So.2d 1049 (Fla. 4th DCA 1989) (insurance company's failure to respond to letter advising it of selection of arbitrator wrongfully caused resort to litigation to resolve conflict which was reasonably within insurer's power to resolve). American Ambassador had the occasion, ability and power to communicate its position on coverage to Sanchez and respond to her demand for arbitration prior to the time she filed her petition to compel arbitration. This inaction wrongfully caused Sanchez to resort to litigation which ultimately resulted in the trial court rendering a judgment in Sanchez's favor which compelled arbitration. Accordingly, she is entitled to attorney's fees and costs under section 627.428(1), Florida Statutes (1987).
Reversed and remanded for proceedings consistent with this opinion.
SCHEB, A.C.J. and LEHAN, J., concur.