588 So.2d 681 (1991)
Angelina LOSICCO, Appellant,
v.
The AETNA CASUALTY AND SURETY COMPANY, and Brastile, Inc., Appellees.
No. 91-852.
District Court of Appeal of Florida, Third District.
November 12, 1991.
*682 Klemick & Gampel, and Herman M. Klemick, Miami, for appellant.
Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, and Shelley H. Leinicke, Fort Lauderdale, for appellees.
Before SCHWARTZ, C.J., and FERGUSON, and GERSTEN, JJ.
PER CURIAM.
Appellant, Angelina Losicco, appeals the denial of attorney's fees where appellee, Aetna Casualty, an insurer, settled a lawsuit to recover medical payments. We reverse and remand.
When an insurance company has agreed to settle a disputed case, it has in effect, declined to defend its position in the pending suit. Thus, payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured. Amador v. Latin American Property & Casualty Insurance Company, 552 So.2d 1132 (Fla. 3d DCA 1989); see also Wollard v. Lloyd's & Companies of Lloyd's, 439 So.2d 217 (Fla. 1983).
The trial court has no discretion to deny a reasonable attorney's fee to the prevailing plaintiff where the insurance company first disputes the claim and then settles the case after a lawsuit is filed. Amador v. Latin American Property & Casualty Insurance Company, 552 So.2d at 1133.
Accordingly, we reverse and remand for a determination of the attorney's fees.
Reversed and remanded.