613 So.2d 501 (1993)
FLORIDA LIFE INSURANCE CO., Appellant,
v.
Mary C. FICKES, etc., et al., Appellees.
No. 91-2621.
District Court of Appeal of Florida, Fifth District.
January 8, 1993.
Rehearing Denied February 19, 1993.
*502 Luis E. Rivera-Montalvo of Luis Ernesto Rivera, P.A., Miami, for appellant.
Charlene A. Walsh of McClellan, Vostrejs & Batsel, P.A., Ocala, for appellees.
W. SHARP, Judge.
The issue in this case is whether the trial court properly awarded Mary Fickes attorney's fees pursuant to section 627.428, Florida Statutes (1989),[1] against Florida Life Insurance Company.
Florida Life argues no attorney's fees are due to Mary because she was neither the insured nor the named primary beneficiary on the credit life policy it issued to Mary's husband and because it paid the full amount of the policy then owing to Mary before her attorney filed a law suit against it. We agree with the latter point and reverse.
The record shows that John Fickes obtained a credit life policy from Florida Life which covered a loan from Barnett Bank. The policy named Barnett the primary beneficiary, and John's estate the secondary beneficiary. However, the policy also designated Mary as a contingent beneficiary or alternate payee. We have no problem with Mary's right to claim attorney's fees under section 627.248.[2]
In March of 1990, John died. Mary presented a claim to Florida Life. Florida Life initially attempted to "unilaterally rescind" the policy in a letter written to Barnett, with a copy to Mary, on the ground that John had misrepresented the condition of his health when he applied for the insurance. Apparently, the amount payable under the policy was greater than the unpaid debt.
Mary hired an attorney to represent her on a contingent fee basis on May 9, 1990. More than 60 days had passed after Mary presented her claim to Florida Life. On May 24, 1990, Mary's attorney filed for civil administrative remedies against Florida Life, by giving the insurance commissioner notice of an insurance violation, and "bad faith" on the part of Florida Life.
Florida Life wrote a letter rescinding its earlier denial of her claim. On May 30, 1990, it paid her the full amount of insurance owed, under the policy. Mary's attorney then filed this law suit to recover attorney's fees pursuant to section 627.428. The trial court held a hearing, found that $9,375.00 was a reasonable sum for Mary's attorney and ruled she was entitled to a fee award under section 627.428. The trial court also found: "It was not until after Plaintiff hired her attorney to contest the denial on her behalf and they did so, that Defendant rescinded its denial of coverage and tendered the proceeds due."
*503 However, Mary's attorney had not filed a lawsuit to enforce her right to the insurance proceeds at the time Florida Life paid them to her. Although we are sympathetic to Mary's position and agree that Florida Life should not have driven her to the point of having to retain counsel to enforce her rights under the credit life policy, we are restricted by the well established rule and policy in Florida that attorney fees cannot be awarded to one party, and against another, unless there is an express statutory or contract right to such an award, and that statutes awarding attorney's fees must be strictly construed. See Roberts v. Carter, 350 So.2d 78 (Fla. 1977); Sheridan v. Greenberg, 391 So.2d 234 (Fla. 3d DCA 1980).
In this case, the applicable statute contemplates the attorney's fee award will be made in the context of civil litigation seeking to resolve an insurance policy dispute between the insured and a person who is either an insured, an assignee of an insured, or named beneficiary. Section 627.428 provides that such an award may be made when an insured or a beneficiary obtains a judgment against an insurance company in a Florida court. Frankly, the statute has been somewhat "liberally" construed in recent years. See Wollard v. Lloyd and Companies of Lloyd's, 439 So.2d 217 (Fla. 1983); American Home Association Company v. Keller Insurance, 347 So.2d 767 (Fla. 3d DCA 1977), (Alderman, J., dissenting). Courts interpreting the statute permit an attorney fee award where the insurance company settles the case prior to final judgment. See Insurance Co. of North America v. Acousti Engineering Co. of Florida, 579 So.2d 77 (Fla. 1991); Fewox v. McMerit Const. Co., 556 So.2d 419 (Fla. 2d DCA 1989); Amador v. Latin American Property Cas. Ins. Co., 552 So.2d 1132 (Fla. 3d DCA 1989); Fortune Ins. Co. v. Brito, 522 So.2d 1028 (Fla. 3d DCA 1988). This result has been rationalized by concluding that the settlement was the functional equivalent of a confession of judgment.
However, we have found no cases in Florida which have sustained the award of an attorney's fee under section 627.428 (or its precursors), where no lawsuit by the beneficiary or insured was filed before payment of the proceeds. In Wollard v. Lloyd and Companies of Lloyd's, 439 So.2d 217 (Fla. 1983), Sanchez v. American Ambassador Cas. Co., 559 So.2d 344 (Fla. 2d DCA 1990) and Avila v. Latin American Property and Cas. Ins. Co., 548 So.2d 894 (Fla. 3d DCA 1989), relied upon by appellee in this case, the insured or beneficiary had filed a lawsuit to enforce arbitration or other rights provided for in their respective policies. In our view, it would require too great a leap of statutory construction to say that payment prior to litigation is in effect a "confession of judgment." See also Prudential Ins. Co. of America v. Institute for Marine Science, Inc., 371 So.2d 185 (Fla. 3d DCA 1979); Insurance Co. of North America v. Acousti, supra.
In Waters v. State Farm Mut. Auto. Ins. Co., 393 So.2d 1203 (Fla. 2d DCA 1981), quashed on other grounds, 408 So.2d 1044 (Fla. 1982), the court held that no attorney's fees could be awarded in that case because the insurance company at all times had offered the full amount the appellate court thought was due to the insured under the policy. And in Employers' Liability Assur. Corp. v. Royals Farm Supply, Inc., 186 So.2d 317 (Fla. 3d DCA 1966), the court held that the insurance company was liable for attorney's fees under section 627.0127 where it had merely "offered" (but not tendered) the proceeds prior to the filing of the lawsuit.
Midwest Mutual Insurance Co. v. Santiesteban, 287 So.2d 665 (Fla. 1973) appears to be determinative of this case, although it involved application of section 627.0127, a precursor to section 627.428.[3] In Midwest, the insurance company had conceded liability on one policy and had paid the proceeds in full prior to the lawsuit being filed. The *504 Florida Supreme Court held it was not liable under a second policy, which had been litigated in the law suit, and that no attorney's fees should have been awarded to the insured under section 627.0127 for either policy. As to the first policy, this case is squarely on point with this case.
This court said in Gibson v. Walker, 380 So.2d 531 (Fla. 5th DCA 1980) that the purpose of section 627.428 was to encourage prompt disposition of valid insurance claims without litigation. Similarly, the Florida Supreme Court, in replying to a question certified by the Eleventh Circuit, said that section 627.428 is meant to discourage insurance companies from contesting valid claims and reimburse successful insureds for their attorney's fees when they are compelled to defend or to sue, to enforce their rights under an insurance policy. (emphasis supplied). Insurance Company of North America v. Lexow, 602 So.2d 528 (Fla. 1992).
If attorney's fees were assessable in all cases without regard to whether or not a lawsuit was filed, then the stated intent or purpose of the statute  to prevent litigation  might well be defeated. An insurance company would have no incentive to settle a claim quickly and out of court if it faced an award of attorney's fees in any case. We thus conclude that attorney's fees under section 627.428 cannot be awarded where no suit is filed prior to payment of the full amount of the proceeds due under the insurance policy.[4]
REVERSE and REMAND.
GOSHORN, C.J., and MUSLEH, V.O., Associate Judge, concur.
NOTES
[1] That statute provides:

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney's fee shall be allowed if such suit was commenced prior to expiration of 60 days after proof of the claim was duly filed with the insurer.
(3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.
[2] Vorse v. American Bankers Life Assur. Co. of Florida, 415 So.2d 91 (Fla. 4th DCA 1982); Travelers Ins. Co. v. Tallahassee Bank & Trust Co., 133 So.2d 463 (Fla. 1st DCA 1961). Compare Aetna Life Ins. Co. v. Sievert, 361 So.2d 747 (Fla. 1st DCA 1978).
[3] Section 627.0127, Florida Statutes (1969) provided as follows:

627.0127 Attorney fee. 
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney fee shall be allowed if such suit was commenced prior to expiration of sixty days after proof of the claim was duly filed with the insurer.
(3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.
[4] Couch On Insurance 2d (Rev. ed.) § 21:42.