790 So.2d 575 (2001)
Patricia AJMECHET, Appellant,
v.
UNITED AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 3D00-2462.
District Court of Appeal of Florida, Third District.
July 25, 2001.
Lidsky, Vaccaro & Montes and Charles L. Vaccaro, Hialeah, for appellant.
Conroy, Simberg, Ganon, Krevans & Abel and Hinda Klein and Paul Milberg (Hollywood), for appellee.
Before SCHWARTZ, C.J., and GERSTEN and GODERICH, JJ.
SCHWARTZ, Chief Judge.
This is an appeal from the denial of the appellant's motion for attorney's fees in an action against an insurance company. We reverse.
When the carrier did not pay Ms. Ajmechet's claim for her stolen, insured car, she sued the company in the circuit court, *576 where the insurer demanded appraisal. See Preferred Mutual Ins. Co. v. Martinez, 643 So.2d 1101 (Fla. 3d DCA 1994). After the appraisers determined the amount of the loss, the carrier paid the award without further ado. Because the payment was obviously effected by the law suit,[1] we hold the insured was entitled to fees under section 627.428, Florida Statutes (2001). See Scottsdale Ins. Co. v. DeSalvo, 748 So.2d 941 (Fla.1999); Insurance Co. of North America v. Acousti Eng'g Co., 579 So.2d 77 (Fla.1991), overruled on separate issue, Turnberry Assocs. v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995); Wollard v. Lloyd's & Cos. of Lloyd's, 439 So.2d 217 (Fla.1983); Fortune Ins. Co. v. Brito, 522 So.2d 1028 (Fla. 3d DCA 1988); Avila v. Latin American Prop. & Cas. Ins. Co., 548 So.2d 894 (Fla. 3d DCA 1989). The cause is remanded for determination of the amount of the fees.
Reversed and remanded.
NOTES
[1] The appellee's argument that the appraisal process was a condition precedent to filing the action (which, it contends, was therefore unnecessarily, even improperly, filed) is entirely erroneous. See Paradise Plaza Condominium Ass'n, Inc. v. Reinsurance Corp., 685 So.2d 937, 940 n. 2 (Fla. 3d DCA 1996)(observing that arbitration clause like this one was not condition precedent, but applied in pending litigation).