994 So.2d 521 (2008)
Joiy HOLDER, Appellant,
v.
STATE FARM INSURANCE COMPANY, Appellee.
No. 3D08-448.
District Court of Appeal of Florida, Third District.
November 19, 2008.
David B. Pakula, Pembroke Pines; William Terry, for appellant.
*522 Bernstein, Chackman & Liss and Bonnie Sack, Hollywood; and Richard A. Warren, Miami, for appellee.
Before COPE and RAMIREZ, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
A State Farm adjuster offered, and non-binding mediation confirmed, a net $65.00 ($9,065.00 in covered losses minus $9,000.00 deductible) for the settlement of Holder's hurricane damage claim under his homeowner's policy. A year later, Holder filed suit, whereupon State Farm invoked the binding arbitration clause of the policy. That process resulted in an appraisal award of $50,178.60, which State Farm promptly paid. Although it is obvious that the filing of the action directly resulted in the payment of over 500 times the amount previously offered, the trial judge denied a claim for attorney's fees under § 627.428(1), Fla. Stat. (2007). On the authority of Ajmechet v. United Automobile Ins. Co., 790 So.2d 575 (Fla. 3d DCA 2001),[1] we reverse the order and remand for the trial court to fix an award of fees. Accord Jerkins v. USF & G Specialty Ins. Co., 982 So.2d 15 (Fla. 5th DCA 2008); First Floridian Auto & Home Ins. Co. v. Myrick, 969 So.2d 1121 (Fla. 2d DCA 2007).
Holder also claims the right to interest prior to the date of payment. The trial judge rejected this claim and so do we. See Liberty Mut. Ins. Co. v. Alvarez, 785 So.2d 700 (Fla. 3d DCA 2001); Travelers Indem. Co. v. Duffy's Little Tavern, Inc., 541 So.2d 689 (Fla. 5th DCA 1989).
Affirmed in part, reversed in part.
NOTES
[1] Ajmechet states:

This is an appeal from the denial of the appellant's motion for attorney's fees in an action against an insurance company. We reverse.
When the carrier did not pay Ms. Ajmechet's claim for her stolen, insured car, she sued the company in the circuit court, where the insurer demanded appraisal. See Preferred Mutual Ins. Co. v. Martinez, 643 So.2d 1101 (Fla. 3d DCA 1994). After the appraisers determined the amount of the loss, the carrier paid the award without further ado. Because the payment was obviously effected by the law suit, we hold the insured was entitled to fees under section 627.428, Florida Statutes (2001). See Scottsdale Ins. Co. v. DeSalvo, 748 So.2d 941 (Fla. 1999); Insurance Co. of North America v. Acousti Eng'g Co., 579 So.2d 77 (Fla. 1991), overruled on separate issue, Turnberry Assocs. v. Service Station Aid, Inc., 651 So.2d 1173 (Fla. 1995); Wollard v. Lloyd's & Cos. of Lloyd's, 439 So.2d 217 (Fla. 1983); Fortune Ins. Co. v. Brito, 522 So.2d 1028 (Fla. 3d DCA 1988); Avila v. Latin American Prop. & Cas. Ins. Co., 548 So.2d 894 (Fla. 3d DCA 1989).