776 So.2d 1047 (2001)
NATIONWIDE PROPERTY & CASUALTY INSURANCE, etc., Appellant,
v.
Alex BOBINSKI, Hani Agrama, M.D., et al., Appellees.
No. 5D00-31.
District Court of Appeal of Florida, Fifth District.
February 2, 2001.
W. Douglas Berry, Kimberly Nolen and Anthony J. Russo of Butler, Burnette, Pappas, Tampa, for Appellant.
H. Tyrone Tyler, of Tyler & Hamilton, P.A., Jacksonville, for Appellee.
*1048 PETERSON, J.
Nationwide Property & Casualty Insurance (Nationwide) appeals a $12,000 attorney's fee award for appraisal proceedings to Alex Bobinski, Hani Agrama, M.D., and Dr. Samir El Kabani, d/b/a Town Square Properties (TSP).
TSP's office building was damaged by fire while insured by Nationwide. TSP filed a proof of loss with Nationwide for $349,949.60 for both physical damage and lost rents. Nationwide responded with a payment of only $105,662 and invoked an appraisal clause in the insurance policy.[1] Nationwide paid an additional $20,000 for property damage prior to the appraisal and an additional $53,340.96 pursuant to the results of the appraisal.
Three months after the amount required by the appraisal was paid, TSP filed a supplemental proof of loss for an additional $17,711.15 in property damage and $85,436.32 for lost rents. Once again Nationwide invoked the appraisal provision, but this time it was conducted pursuant to the Florida Arbitration Code, Chapter 682 of the Florida Statutes (1997). The arbitration resulted in another $42,470.45 for lost rents due by Nationwide which it paid on June 9, 1998.
TSP filed suit on June 26, 1998, seeking confirmation of the appraisal award, prejudgment interest, and a declaration determining the right to recover attorney's fees. Summary judgment was granted to Nationwide denying the claim for prejudgment interest and the only issue on this appeal is whether the attorney's fees should have been granted to TSP in the amount of $12,000. Nationwide argues that attorney's fees were improperly awarded because no suit was filed prior to the appraisal award being paid.
No reported decision has specifically addressed an insured's right to attorney's fees for services to a client during an appraisal or arbitration to determine the amount of the loss under an insurance contract when the insurer pays the award in full prior to the insured having filed suit.
There can be no doubt that TSP filed suit solely in order to obtain attorney's fees under its theory that arbitration is the equivalent of filing suit and obtaining judgment. That stance is necessary in order to attempt to qualify entitlement to fees under section 627.428(1), Florida Statutes (1997), which provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
Attorney's fees have been awarded when suit was filed prior to payment of the appraisal or arbitration award or to compel an insurer to participate in an appraisal. See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832-33 (Fla.1993). Attorney's fees may also be awarded for litigating entitlement to attorney's fees. See id. However, the instant appeal has none of the elements of those cases. Otherwise, *1049 section 627.428(1) is clear that attorney's fees are only recoverable upon the rendition of a final judgment against an insurer in favor of an insured.[2]
We find that no final judgment has been rendered for the purposes of section 627.428(1), Florida Statutes, against Nationwide in the instant case. Thus, we are obliged to follow the clear directions of section 627.428(1). We also find that it maintains the better policy of this state to encourage insurance companies to resolve conflicts and claims quickly and efficiently without judicial intervention. Arbitration and appraisal are alternative methods of dispute resolution that provide quick and less expensive resolution of conflicts. Hopefully both will serve to suppress the ever increasing cost of insurance protection.
Accordingly, the final judgment awarding attorney's fees to TSP is reversed.
REVERSED.
COBB and SAWAYA, JJ., concur.
NOTES
[1] If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.
[2] The impact of the rule upon insureds has been softened somewhat by awarding fees when an insured pays after suit is filed but before judgment is rendered. See generally Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217, 218 (Fla.1983).