QUINCE, J.
We have for review a decision of the Fifth District Court of Appeal on the following question, which the court certified to be of great public importance:
IS IT APPROPRIATE TO SETOFF AGAINST THE NONECONOMIC DAMAGES PORTION OF AN AWARD AGAINST ONE TORTFEA-SOR IN AN ARBITRATION OF A MEDICAL MALPRACTICE ACTION THE AMOUNT RECOVERED FROM SETTLEMENT FROM ANOTHER RESPONSIBLE FOR THE SAME INCIDENT CAUSING THE INJURY?
Doig v. Chester, 776 So.2d 1048, 1047 (Fla. 6th DCA 2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we answer the certified question in the negative and quash the Fifth District’s decision.

BACKGROUND

Mary Chester (Chester) asserted that her husband died as the result of medical malpractice and blamed both respondent Dr. Doig and Halifax Hospital for his death. Chester settled with Halifax Hospital for $150,000 during presuit proceedings (the settlement award) and then arbitrated with Dr. Doig and recovered $507,321 (the arbitration award). Of the $507,321 recovered from Dr. Doig, $210,321 was designated for economic damages,[1] $250,000 was designated for noneconomic damages,[2] and $47,000 was for attorney’s fees. The arbitrators found that Dr. Doig was not entitled to a setoff based on the settlement award. Dr. Doig appealed the arbitrators’ finding that he was not entitled to a setoff, and on his second motion for rehearing, the Fifth District reversed the arbitration panel with directions to apply a setoff. See Doig, 776 So.2d 1043. The issue before this Court is whether the arbitration award should be set off (reduced) by the settlement award.

DISCUSSION

The arbitration provisions of Florida’s Medical Malpractice Act allow an arbitration panel to determine damages in a medical malpractice claim once presuit investigation has been completed. See §§ 766.207-766.212, Fla. Stat. (1997). The arbitration provisions were enacted to provide “[s]ubstantial incentives for both claimants and defendants to submit their cases to binding arbitration, thus reducing attorneys’ fees, litigation costs, and delay.” § 766.201(2)(b), Fla. Stat. (1997). In this case, Chester agreed to submit to binding *108 arbitration with Dr. Doig, and under section 766.207(7), the following limitations on damages apply:
(7) Arbitration pursuant to this section shall preclude recourse to any other remedy by the claimant against any participating defendant, and shall be undertaken with the understanding that:
(a) Net economic damages shall be awardable, including, but not limited to, past and future medical expenses and 80 percent of wage loss and loss of earning capacity, offset by any collateral source payments.
(b) Noneconomic damages shall be limited to a maximum of $260,000 per incident, and shall be calculated on a percentage basis with respect to capacity to enjoy life, so that a finding that the claimant’s injuries resulted in a 50-per-cent reduction in his capacity to enjoy life would warrant an award of not more than $125,000 in noneconomic damages.
(c) Damages for future economic losses shall be awarded to be paid by periodic payments pursuant to s. 766.202(8) and shall be offset by future collateral source payments.
(d)Punitive damages shall not be awarded.
[[Image here]]
(h) Each defendant who submits to arbitration under this section shall be jointly and severally liable for all damages assessed pursuant to this section.
§ 766.207(7), Fla. Stat. (1997). Chester argues the plain language of section 766.207 prohibits a setoff of the settlement award, while Dr. Doig asserts that Florida’s setoff statutes require the settlement award be set off against the arbitration award.[3]
The Fifth District concluded that the entire settlement award should be set off against the arbitration award because there was no allocation of fault and Dr. Doig is jointly and severally liable for all noneconomic damages found by the arbitration panel. See Doig, 776 So.2d at 1047. The Fifth District noted that the arbitration panel determined that section 766.207(7) did not specifically permit a set-off for settlements and therefore the panel refused to consider Florida’s setoff statutes. See id. The Fifth District found that in refusing to consider the setoff statutes the arbitration panel ignored the intent of the Legislature to prevent double recovery for the same damages. Id. at 1045. However, we agree with the arbitration panel’s approach to the issue in this case for the reasons that follow.
In St. Mary’s Hospital, Inc. v. Phillipe, 769 So.2d 961, 972 (Fla.2000), we were faced with the issue of whether the elements of economic damages awardable in the voluntary binding arbitration of a medical malpractice wrongful death claim were controlled by the Medical Malpractice Act or the Wrongful Death Act. We concluded “that the arbitration provisions of the Medical Malpractice Act expressly specify the elements of all of the damages available when the parties agree to binding arbitration, regardless of whether the medical malpractice action involves a wrongful death.” Id. at 973. In other words, “[i]f the Legislature intended for the Wrongful Death Act to control the elements of damages available in a medical malpractice arbitration, it could have specifically provided for the application of that Act in the Medical Malpractice Act.” Id. We reach the same conclusion in the instant case with respect to setoff.
*109 Section 766.207(7)(a) provides that net economic damages be offset by any collateral source payments, while section 766.207(7)(c) provides that damages for future economic losses be offset by future collateral source payments. For purposes of the arbitration provisions of the Medical Malpractice Act, collateral sources are defined as follows:
(2) “Collateral sources” means any payments made to the claimant, or made on his or her behalf, by or pursuant to:
(a) The United States Social Security Act; any federal, state, or local income disability act; or any other public programs providing medical expenses, disability payments, or other similar benefits, except as prohibited by federal law.
(b) Any health, sickness, or income disability insurance; automobile accident insurance that provides health benefits or income disability coverage; and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by him or her or provided by others.
(c) Any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, dental, or other health care services.
(d) Any contractual or voluntary wage continuation plan provided by employers or by any other system intended to provide wages during a period of disability.
§ 766.202(2), Fla. Stat. (1997). The plain language of section 766.207(7)(a) and (c) clearly provides that the only setoff available in a medical malpractice arbitration is for collateral sources as defined by section 766.202(2).[4] Because the settlement award in this case does not meet the definition of a collateral source or a collateral source payment, the Fifth District erred in concluding that the settlement award should be set off against the arbitration award. See Doig, 776 So.2d at 1047. If the Legislature intended for Florida’s setoff statutes to control the elements of damages available in medical malpractice arbitration, it could have specifically provided for the application of those statutes in the Medical Malpractice Act. See St. Mary’s Hospital, 769 So.2d at 973. Because the Legislature has not done so, we conclude the arbitration award should not be set off by the settlement award in this case.
We also note, reading further into the statutory scheme, that section 766.208(6), Florida Statutes (1997), provides:
Arbitration to allocate responsibility among multiple defendants.—
[[Image here]]
(6) Any defendant paying damages assessed pursuant to this section or s. 766.207 shall have an action for contribution against any nonarbitrating person whose negligence contributed to the injury-
Therefore, because Dr. Doig is paying damages assessed pursuant to section 766.207, he may have an action for contribution against any nonarbitrating party whose negligence contributed to the injury.

CONCLUSION

Based on the foregoing, we conclude that a setoff is not appropriate in this case. We therefore answer the certified question in the negative, and quash the Fifth District’s decision.[5]
It is so ordered.
*110 ANSTEAD, C.J., WELLS, PARIENTE, and LEWIS, JJ., and SHAW and HARDING, Senior Justices, concur.

. Section 766.202(3), Florida Statutes (1997), defines economic damages as:
“Economic damages” means financial losses which would not have occurred but for the injury giving rise to the cause of action, including, but not limited to, past and future medical expenses and 80 percent of wage loss and loss of earning capacity.

. Section 766.202(7), Florida Statutes (1997), defines noneconomic damages as:
"Noneconomic damages” means nonfinan-cial losses which would not have occurred but for the injury giving rise to the cause of action, including pain and suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of capacity for enjoyment of life, and other nonfinancial losses.

. Florida currently has three statutes governing setoff and contribution. See §§ 46.015, 768.31, 768.041, Fla. Stat. (2000).

. Section 766.207(7)(b) requires a $250,000 cap on noneconomic damages per incident, but does not require any type of setoff from the noneconomic damages portion of an arbitration award in a medical malpractice arbitration.

. We decline to address the other issues raised by the parties because they are outside *110 the scope of the certified question. See, e.g., Gouty v. Schnepel, 795 So.2d 959, 966 n. 4 (Fla.2001). We also deny Dr. Doig’s motion to supplement his oral argument response.