900 So.2d 676 (2005)
The TRAVELERS INDEMNITY INSURANCE COMPANY OF ILLINOIS, Appellant,
v.
MEADOWS MRI, LLP, Meadows, Inc., Edwin L. Albright, Ltd., and Team Radiology, Inc., Appellees.
No. 4D04-1702.
District Court of Appeal of Florida, Fourth District.
April 13, 2005.
Rehearing Denied May 19, 2005.
Amy S. Rubin of Ruden, McClosky, Smith, Schuster & Russell, P.A., West Palm Beach, and John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
Richard M. Benrubi of Liggio, Benrubi & Williams, P.A., West Palm Beach, for appellees Meadows MRI, LLP, and Meadows, Inc.
POLEN, J.
This appeal is from an award of attorney's fees arising out of an insurance contract issued by the Appellant, Travelers, covering certain losses to an MRI machine owned by the Appellee, Meadows. Following a final judgment confirming the appraisal *677 award, the trial court entered an order awarding Meadows attorney's fees and costs in connection with the appraisal. We affirm because the trial court acted in accordance with Section 627.428(1), Florida Statutes (2003) and the prevailing case law.
In July of 2001, while the insurance policy was in full force and effect, Meadows' MRI equipment was damaged by a sudden and accidental explosion in the magnet which caused a loss of the magnetic field. Meadows promptly notified Travelers of its loss, at which point Travelers engaged in a lengthy four-month investigation to determine exclusively whether the cause of the loss was a covered cause. Meadows retained the services of an attorney to protect its rights and legal remedies. Travelers ultimately acknowledged coverage in early November 2001, and then proceeded to conduct a lengthy investigation of the amount of Meadows' loss. In December of 2001, Travelers issued payment to Meadows' based on its own estimation of Meadows' loss. However, there was a significant difference between the two parties' value estimates. Though efforts were taken to settle the dispute, there was no final resolution of the matter, and on May 20, 2002, Travelers demanded that the dispute be resolved pursuant to the appraisal provision of the insurance policy.
Before the appraisal process began, Meadows' counsel sent Travelers a letter inquiring about the procedures of the appraisal and entitlement to attorney's fees for the prevailing party. Meadows informed Travelers that absent a prompt response, Meadows would file a suit for declaratory judgment. Travelers did not address the procedures of the appraisal nor respond to the question of any entitlement to attorney's fees. Both parties selected their appraisers, and the appraisal process had already begun when Meadows, on November 20, 2002, filed a declaratory suit[1] to assure that the appraisal be governed by the Florida Arbitration Code and that it would be entitled to attorney's fees should it be determined to be the prevailing party pursuant to section 627.428(1). The appraisal resulted in Travelers owing Meadows a significant balance, which was seasonably paid once determined. However, when all was said and done, the appraisal process had lasted one year and one day.
Meadows filed in the circuit court proceeding a Motion to Confirm Appraisal Award and Entry of Judgment Thereon before the claim had been paid. However, the trial court heard argument on Meadows' motion after the claim had been paid, in which Travelers first asserted that Meadows was not entitled to a confirmation of the appraisal. After it became obvious that the trial court, based on Allstate Ins. Co. v. Suarez, 833 So.2d 762 (Fla.2002), was intent on confirming the appraisal, Travelers strenuously argued that Meadows should not be deemed the prevailing party in anticipation of a motion for attorney's fees. The trial court declined to address whether Meadows was the prevailing party and entered its Judgment Confirming the Appraisal Award.
On August 20, 2003, Meadows filed a Motion for Entitlement to Attorney's Fees and Cost, pursuant to section 627.428(1). Prior to a hearing on this motion, the two parties stipulated to the sum of $19,600 as a reasonable attorney's fee in connection with the appraisal if there was an entitlement *678 to such. After hearing argument, the trial court granted Meadows' motion and awarded it $19,600 in attorney's fees and $1,255 in costs.
Section 627.428(1), Florida Statutes, provides:
Upon the rendition of a judgment ... by any of the courts of this state against an insurer and in favor of any named ... insured ... under a policy ... executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured ... a reasonable sum as fees or compensation for the insured's ... attorney prosecuting the suit in which the recovery is had.
Travelers claims that the underlying suit was primarily initiated as a vehicle for generating and seeking attorney's fees, rather than for any valid purpose. Pursuant to that theory, Travelers relies heavily on Nationwide Property & Cas. Ins. v. Bobinski, 776 So.2d 1047 (Fla. 5th DCA 2001), in arguing that the trial court's award of attorney's fees and costs was in error.
In Nationwide, seventeen days after the completion of the second of two appraisals[2] and full voluntary payment of both related insurance claims, an insured filed suit for the first time seeking confirmation of the appraisal award, prejudgment interest, and a declaration determining the right to recover attorney's fees. "Summary judgment was granted to Nationwide denying the claim for prejudgment interest and the only issue on ... appeal [was] whether the attorney's fees should have been granted." Id. at 1048. The fifth district, in recognizing that this case presented an issue of first impression, noted that "[a]ttorney's fees have been awarded when suit was filed prior to payment of the appraisal or arbitration award or to compel an insurer to participate in an appraisal, see State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832-33 (Fla.1993)," but held that the plaintiff in Nationwide filed suit solely in order to obtain attorney's fees. Id. Accordingly, the fifth district held that such a suit, which did not yield a final judgment pursuant to section 627.428(1), did not qualify for entitlement to fees under section 627.428(1), and reversed the fee award.
We find Travelers' reliance on Nationwide to be misplaced. First, the suit in Nationwide was filed after the appraisals were entirely completed and the payments were made. Here, however, Meadows filed its suit long before the appraisal was completed rather than after payment was already made. Second, unlike in Nationwide where the plaintiff never obtained a final judgment, Meadows clearly obtained a final judgment which confirmed the appraisal award. See Suarez, 833 So.2d 762 (affirming trial court's confirmation of appraisal award). Moreover, Travelers has not appealed the trial court's judgment confirming the appraisal award. The time to appeal the validity of the final judgment has expired. Finally, the suit and any accompanying legal work at bar was not merely a means to an end.
Meadows' involvement of the formal judicial system was not unnecessary. First, Meadows had to initially retain counsel to compel Travelers to accept coverage. Then, to assure that its rights were fully protected, Meadows had to employ counsel throughout the lengthy appraisal process, which included filing a declaratory action to determine the procedures for conducting the appraisal[3] and the entitlement to *679 attorney's fees, and a later amendment to add claims for indemnification and bad faith. To no avail, Meadows attempted to resolve any differences without resorting to formal legal action. As such, it is entirely possible that Travelers' conduct and participation in the appraisal was affected by Meadows' representation of counsel and the threat of what ultimately became a pending lawsuit. See Ajmechet v. United Auto. Ins. Co., 790 So.2d 575, 575 (Fla. 3d DCA 2001) (holding because payment of appraisal award was obviously effected by law suit, insured was entitled to fees under section 627.428(1)).
The trial court's award of attorney's fees was consistent with this court's stated purpose for section 627.428(1).
The purpose behind section 627.428 is plainly to place the insured or beneficiary in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney's fees. As the court said in Insurance Co. of North America v. Lexow, 602 So.2d 528 (Fla.1992):
Florida courts have consistently held that the purpose of section 627.428 and its predecessor is to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts.
Clay v. Prudential Ins. Co. of America, 617 So.2d 433, 436 (Fla. 4th DCA 1993). Likewise,
[i]n Florida, the payment of a settlement claim is the functional equivalent of a confession of judgment or a verdict in favor of the insured. Wollard v. Lloyd's & Cos. of Lloyd's, 439 So.2d 217, 218-19 (Fla.1983). Therefore, as the Eleventh Circuit recognized, in Florida an insured may recover attorneys' fees incurred in reaching a settlement. See [United States v. Pepper's Steel & Alloys, Inc., 289 F.3d 741, 742 (11th Cir.2002)].
Pepper's Steel & Alloys, Inc. v. U.S., 850 So.2d 462, 465 (Fla.2003).
Given that the goal of section 627.428(1) is to place Meadows in the place it would have been if Travelers had seasonably paid the claim without causing Meadows to retain counsel and incur obligations for attorney's fees, taken in conjunction with the rule of law that Meadows could have recovered any attorneys' fees incurred in reaching a settlement of its lawsuit, had a settlement been reached, we see no rationale for not extending section 627.428(1) to cover an award of attorney's fees associated with an expensive and drawn out appraisal due to Travelers' disputed value estimation. See Fewox v. McMerit Const. Co., 556 So.2d 419, 423-24 (Fla. 2d DCA 1989) ("The legislative policy underlying section 627.428 is served by requiring insurers to pay attorney's fees to a prevailing insured or beneficiary, regardless of whether the insurers contest coverage through arbitration or in the trial courts. To hold otherwise would be to allow insurers to avoid paying attorney's fees in contested coverage cases merely by choosing arbitration."). Were this court to rule otherwise, Meadows would not be made whole as it would have to apply a portion of the policy proceeds to compensate its attorneys. As we are unpersuaded *680 by Travelers' remaining argument, we accordingly affirm.
AFFIRMED.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] Meadows' suit also included a count for breach of contract, which was later abated pending the conclusion of the appraisal.
[2] There were three months between the first appraisal and the second appraisal.
[3] The supreme court, subsequent to the filing of Meadows' declaratory action, determined that an appraisal clause in an insurance policy was not an agreement to arbitrate and required an informal appraisal proceeding, rather than a formal arbitration hearing, and, thus, the formal procedures of the Arbitration Code were inapplicable. Suarez, 833 So.2d at 765.