969 So.2d 1121 (2007)
FIRST FLORIDIAN AUTO & HOME INSURANCE COMPANY, Appellant,
v.
Tscharner MYRICK, Appellee.
No. 2D06-4642.
District Court of Appeal of Florida, Second District.
November 9, 2007.
Rehearing Denied December 11, 2007.
Andrew P. Rock of Kingsford & Rock, P.A., Maitland, for Appellant.
William F. Merlin, Jr., Mary E. Kestenbaum, and Kristin Demers-Crowell of Merlin Law Group, P.A., Tampa, for Appellee.
LaROSE, Judge.
First Floridian Auto & Home Insurance Company (First Floridian) appeals the trial court's final judgment awarding attorney's fees and costs to Tscharner Myrick under section 627.428, Florida Statutes (2003).[1] First Floridian argues that the *1123 fee award was improper because Ms. Myrick's insurance claim was resolved through the appraisal process. We disagree and affirm the trial court's final judgment.
In September 2002, after cracks developed on her home's exterior, Ms. Myrick filed an insurance claim with First Floridian. Within a month, it became apparent to all that the damage resulted from sinkhole activity, a covered loss under Ms. Myrick's policy. First Floridian accepted coverage. Ms. Myrick submitted a $104,000 proof of loss and, through her public adjuster, questioned the scope of First Floridian's proposed remediation plan. On January 3, 2003, First Floridian tendered a $49,706 check to Ms. Myrick for compaction grouting, cosmetic damages, landscaping, and engineering monitoring. First Floridian did not respond to the public adjuster's inquiries. But, in its letter accompanying its January 3 check, First Floridian reminded Ms. Myrick of the appraisal provision in her policy. That provision provided, in part, as follows:
6. Mediation or Appraisal. If you and we fail to agree on the amount of loss, either may:
. . . .
b. Demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
First Floridian did not request additional information from Ms. Myrick and did not invoke the appraisal process.
In early March 2003, Ms. Myrick sued for breach of contract because First Floridian failed to pay the amounts she believed were owed. In its answer and contrary to its earlier position, First Floridian asserted that the claim was not covered. After almost four months of litigation, First Floridian invoked the appraisal provision of the policy. Ms. Myrick did not object; she agreed to stay the lawsuit pending completion of the appraisal process. The parties' Joint Stipulation to Stay Action Pending Appraisal provided that "[t]he parties . . . agree that the Court shall retain jurisdiction over any matters within its jurisdiction under Florida law, including, but not limited to, issues of policy interpretation, coverage, entitlement to and amount of attorney's fees and costs, if applicable."
The parties completed the appraisal process in March 2004; the appraisal award was $102,500, minus a $500 deductible. First Floridian paid this amount one month later. Ms. Myrick accepted the payment. She then filed motions to confirm the appraisal award and to determine entitlement to attorney's fees and costs. Over First Floridian's objection, the trial court confirmed the award and later entered its final judgment awarding $39,037.60 in fees and costs to Ms. Myrick under section 627.428.
The legislature enacted section 627.428 to discourage an insurer from contesting *1124 a valid claim and to level the playing field so that the insurer's economic power does not overwhelm the insured. See Ivey v. Allstate Ins. Co., 774 So.2d 679, 684 (Fla.2000). "[T]he purpose of section 627.428 is to penalize an insurance company for wrongfully causing its insured to resort to litigation in order to resolve a conflict with its insurer when it was within the company's power to resolve it." Bassette v. Standard Fire Ins. Co., 803 So.2d 744, 746 (Fla. 2d DCA 2001). An insurer will owe attorney's fees to its insured where coverage is disputed and the insured prevails whether by judgment or a confession of judgment. Id. Payment made after suit is filed operates as a confession of judgment. Id.; Wollard v. Lloyd's & Cos. of Lloyd's, 439 So.2d 217, 218 (Fla.1983); Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP, 900 So.2d 676, 679 (Fla. 4th DCA 2005).
First Floridian argues that Ms. Myrick's lawsuit was unnecessary; she could have made further inquiry, provided additional information for First Floridian's consideration, or initiated the appraisal process. First Floridian suggests that Ms. Myrick filed a lawsuit primarily to obtain attorney's fees. First Floridian relies principally on Nationwide Property & Casualty Insurance v. Bobinski, 776 So.2d 1047 (Fla. 5th DCA 2001). In Bobinski, however, the insurer made initial payments and invoked the appraisal process. Later, the insurer tendered additional payments pursuant to the results of the appraisal. Id. at 1048. Only after conclusion of the appraisal process did the insureds file suit to confirm the appraisal award and obtain attorney's fees. Id. Appealing the $12,000 fee award, the insurer argued that the fees were improper because the insureds did not file suit before the insurer paid the appraisal award. Id. The Fifth District agreed and reversed the fee award. Id. at 1049. It concluded that the insured "filed suit solely in order to obtain attorney's fees." Id. at 1048.
Bobinski does not support First Floridian's position. We cannot conclude that Ms. Myrick filed her lawsuit for any improper purpose. After all, Ms. Myrick initially submitted a proof of loss in the amount of $104,000, an amount significantly higher than the amount First Floridian was willing to pay. Through her public adjuster, she questioned the scope and method of the proposed remediation plan. First Floridian did not respond. First Floridian did not request additional information from Ms. Myrick and did not invoke the appraisal process prior to suit. When Ms. Myrick filed her lawsuit, First Floridian raised a coverage defense for the first time. First Floridian continued with litigation for several months before it invoked the appraisal process. That process resulted in Ms. Myrick receiving substantial additional sums.
First Floridian can find no solace in Travelers, 900 So.2d 676. There, the Fourth District rejected the same argument made by First Floridianthat the underlying lawsuit was filed to generate attorney's fees. Id. at 678. In Travelers, the insured filed suit long before the appraisal was completed rather than after payment was already made. "[T]he suit and any accompanying legal work . . . was not merely a means to an end." Id. The insured needed the involvement of the judicial system to address coverage issues and to ensure that its rights were fully protected through the appraisal process. Id. The same is true here, especially where First Floridian was now asserting a coverage defense. This position presented Ms. Myrick in the unenviable probability that she would have to battle her insurer not only over the amount of her claim but also as to whether her policy afforded coverage.
*1125 The prospect of an attorney's fee award under section 627.428 should prompt insurers to process and pay claims timely. We recognize also that the appraisal process provides a mechanism to resolve claims promptly and discourages insureds from racing to the courthouse to file needless lawsuits. Nonetheless, given First Floridian's handling of Ms. Myrick's claim, we can find no error in the trial court's final judgment.
Affirmed.
NORTHCUTT, C.J., and SALCINES, J., Concur.
NOTES
[1] 627.428 Attorney's fee. 

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.