IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


MENDOTA INSURANCE COMPANY,

      Appellant,

 v.

                                         Case No.  5D21-1648
                                         LT Case No. 2020-SC52373-O

AT HOME AUTO GLASS, LLC
A/A/O CAROLINE JACKSON,

      Appellee.

_____/

Opinion filed May 6, 2022

Nonfinal Appeal from the County Court
for Orange County,
Michael Deen, Judge.

Matthew  C.  Scarborough, and
Amy Lee,    of Scarborough
Attorneys  at  Law, Tampa,  for
Appellant.

Earl I. Higgs, Jr., of Higgs Law,
P.A., Orlando, for Appellee.


EVANDER, J.

Mendota Insurance Company ("Mendota") appeals a nonfinal order denying its motion to dismiss complaint and motion to compel appraisal. We dismiss Mendota's appeal of the trial court's denial of its motion to dismiss complaint because that part of the court's order is not appealable. *Williams v. Oken,* 62 So. 3d 1129, 1134 (Fla. 2011); *Couto v. People's Tr. Ins. Co.,* 320 So. 3d 224, 22 n.1 (Fla. 3d DCA 2021). However, we have jurisdiction to review the trial court's denial of Mendota's motion to compel appraisal. *See* Fla. R. App. P. 9.130(a)(3)(C)(iv) (permitting appeal of nonfinal order determining entitlement to appraisal under insurance policy). The trial court denied the motion to compel appraisal on the ground that there was no disputed appraisable issue. We reverse and remand for further proceedings.

Mendota's insured, Caroline Jackson, suffered windshield damage to her motor vehicle and had the windshield replaced by Appellee, At Home Auto Glass, LLC ("Home Auto Glass"). Jackson assigned her right to make a claim under her insurance policy to Home Auto Glass. Thereafter, Home Auto Glass made a claim against Mendota for $2,487.75. In response, Mendota tendered a check to Home Auto Glass for $1,049.20 and requested an appraisal if the parties could not agree on the amount of the loss. Ultimately, Home Auto Glass brought suit against Mendota. In its ensuing

2

motion to compel appraisal, Mendota referenced the policy's appraisal provision which stated, as follows:

> If *we* and *you* do not agree on the amount of the *loss,* either party may:
>
> 1. Request an appraisal of the *loss*; or
>
> 2. Request mediation . . .
>
> In the event appraisal is requested, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. The appraisers will separately state the actual cash value and the amount of the *loss.* If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of the *loss.*

At the hearing on the motion to compel appraisal, Mendota represented that it was only requesting an appraisal for the amount of money owed to Home Auto Glass and was not disputing the extent of physical damage. Home Auto Glass noted that the insurance policy defined "loss" as "a sudden, direct and accidental loss of or physical damage to property" and, therefore, the policy's appraisal provision only applied where there was a dispute as to the amount of physical damage. Thus, according to Home Auto Glass, appraisal was not required because there was no dispute as to the amount of physical damage sustained by the insured's vehicle. The trial court agreed with Home Auto Glass, stating:

3

> Using the rules of construction, the definition in the policy, and the use of the word in the policy, the word "loss" is synonymous with physical damage. Appraisal would be improper in this context, where the physical damage is not in dispute. Even if the word "loss" is ambiguous within the policy, this Court would be required by law to construe the definition against [Mendota].

We review the trial court's order de novo. *First Protective Ins. Co. v. Colucciello*, 276 So. 3d 456, 457 (Fla. 5th DCA 2019). In construing an insurance policy, a court should read the policy as a whole and attempt to give every provision its full meaning and effect. *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000).

Mendota argues generally, and correctly, that Florida courts have repeatedly determined that when an insurance policy contains an appraisal clause triggered by a dispute over the "amount of loss," appraisal "necessarily includes determinations of the cost of repair or replacement." *State Farm Fire & Cas. Co. v. Licea*, 685 So. 2d 1285, 1288 (Fla. 1996) (dispute over amount of hurricane damage to covered home); *see also Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002) ("[W]hen the insurer admits that there is a covered loss, but there is disagreement on the amount of loss, it is for the appraisers to arrive at the amount to be paid." (quoting *Gonzalez v. State Farm Fire & Cas. Co.*, 805 So. 2d 814, 816 (Fla. 3d DCA 2000))); *Citizens Prop. Ins. Corp. v. River*

4

*Manor Condo. Ass'n*, 125 So. 3d 846, 854 (Fla. 4th DCA 2013) ("The division of responsibility between the appraisers and court is therefore clear. The appraisers determine the amount of the loss, which includes calculating the cost of repair or replacement of property damage, and ascertaining how much of the damage was caused by a covered peril" whereas "court decides whether the policy provides coverage for the peril which inflicted the damage, and for the particular property at issue; in other words, all coverage matters"); *U.S. Fid. & Guar. Co. v. Romay*, 744 So. 2d 467, 469 (Fla. 4th DCA 1999) ("Arbitrable issues involved with appraisal, by their nature, are narrowly restricted to the resolution of specific issues of actual cash value and amount of loss . . . . It is therefore axiomatic that an arbitrable issue exists between parties whose agreement provides for appraisal when there is a disagreement in the dollar amount of the loss being claimed.").

Here, the appraisal provision references a lack of agreement as to "the amount of the loss." Although the policy definition of "loss" includes the term "physical damage to property," that does not mean that a determination of "the amount of the loss" is limited to a determination of the extent of physical damage. A determination of "the amount of the loss" necessarily includes determining both the extent of covered damage and the monetary amount necessary to repair or replace the damaged property. *See, e.g., Cincinnati*

5

*Ins. Co. v. Cannon Range Partners, Inc.*, 162 So. 3d 140, 143 (Fla. 2d DCA 2014) ("Notably, in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the extent of covered damage and the amount to be paid for repairs.").  The trial court's overly-narrow interpretation of the term "the amount of loss" would render the appraisal provision meaningless and would ignore the other provisions in the policy that discuss "loss" in terms of cost to repair or replace.  For example, the policy's Physical Damage Coverage provision for Payment of Loss provides that Mendota "may pay the *loss* in money or repair or replace the damaged or stolen property." Similarly, the Physical Damage Coverage provision for Limit of Liability provides that Mendota's limit of liability for a *loss* would not exceed the lesser of the "amount necessary to repair physical damage to an *insured auto* … ."

Home Auto Glass alternatively argues that "amount of loss" is ambiguous in that it could mean the extent of physical damage or cost to repair or replace the damage, in which case, this court should affirm because ambiguities must be resolved against Mendota.  *Anderson*, 756 So. 2d at 34. ("Ambiguous policy provisions are interpreted liberally in favor of the insured and strictly against the drafter who prepared the policy.").  However, for an ambiguity to exist, the policy language must be susceptible to more than one *reasonable* interpretation.  *Id*.  Courts must "examine the entire agreement

6

and seek to harmonize and give effect to all provisions so that none would be meaningless." *Carolina Cas. Ins. Co. v. Spicer,* 323 So. 3d 350, 352 (Fla. 1st DCA 2021) (quoting *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W. 3d 118, 126 (Tex. 2010)). Interpretation of policy language that renders that provision or another provision meaningless is therefore unreasonable. *Id.* at 353. In this case, a dispute over the monetary value of repairing or replacing a windshield is necessarily included within a dispute over the amount of physical damage because, to hold otherwise would render the appraisal clause meaningless. *Cf. Fla. Ins. Guar. Ass'n v. Branco,* 148 So. 3d 488, 492 (Fla. 5th DCA 2014) (holding that appraisers could determine method or scope of necessary repairs when determining the amount of loss; to interpret otherwise "would render the appraisal process meaningless").

Home Auto Glass also raises several "tipsy coachman" arguments. Under the tipsy coachman rule, "if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support judgment in the record." *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999). However, an appellate court should not employ the rule where the trial court has not made the necessary factual findings on the issue. *Bueno v. Workman*, 20 So. 3d 993, 998 (Fla. 4th DCA

7

2009). Accordingly, we decline to address Home Auto Glass' argument that the policy's appraisal provision creates an economic deterrent in violation of the prohibited cost doctrine.

We reject Home Auto Glass' contention that the appraisal provision violates the public policy behind section 627.428, Florida Statutes (2020). That statute authorizes courts to award reasonable attorney's fees to an insured where the insured prevails in litigation against its insurer. In rejecting Home Auto Glass' argument, we would observe that attorney's fees and costs have been awarded to an insured where the insured prevailed in the appraisal process. *See First Floridian Auto & Home Ins. Co. v. Myrick*, 969 So. 2d 1121, 1122 (Fla. 2d DCA 2007) (expressly rejecting insurer's argument that fee award was improper where insurance claim was resolved through appraisal process); *see also Johnson v. Omega Ins. Co.*, 200 So. 3d 1207, 1215 (Fla. 2016) (holding that insurer's payment of previously denied claim following initiation of action for recovery, but prior to issuance of final judgment, constitutes functional equivalent of confession of judgment entitling insured to reasonable attorney's fees under section 627.428).

We also reject Home Auto Glass' argument that the appraisal provision at issue violates the right to a jury trial, access to courts, and due process. Florida courts have long recognized the validity of insurance policy appraisal

8

provisions. *See, e.g.*, *New Amsterdam Cas. Co. v. J.H. Blackshear, Inc.*, 156 So. 695, 696 (Fla. 1934) ("Covenants in policies of insurance, which provide for appraisal by arbitrators of the amount of any loss claimed by an insured, are valid and are binding upon the parties if they are appropriately invoked."); *see also Myrick*, 969 So. 2d at 1125 (recognizing that appraisal process provides mechanism to resolve insurance claims promptly).

Finally, we conclude that the other "tipsy coachman" arguments raised by Home Auto Glass are without merit.

DISMISSED, in part; REVERSED, in part; REMANDED for further proceedings in accordance with this opinion.

HARRIS and NARDELLA, JJ., concur.