DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellant,

v.

**ERROL A. POLANCO,**
Appellee.

No. 4D22-559

[January 11, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE20-9475.

Mark T. Tinker of Cole, Scott & Kissane, P.A., Tampa, and Brett Frankel and Jonathan Sabghir of People's Trust Insurance Company, Deerfield Beach, for appellant.

Lane Weinbaum of Weinbaum, P.A., Coconut Creek, for appellee.

LEVINE, J.

People's Trust Insurance Company appeals an order granting Errol Polanco, the insured, attorney's fees and costs associated with his suit for breach of insurance contract. Because the suit was not "a necessary catalyst to resolve the dispute," nor was there a "breakdown in the claims-adjusting process," we reverse.

The insured filed a claim with his homeowner's insurer, People's Trust, for Hurricane Irma damage. People's Trust sent the insured an estimate and coverage determination letter in which it elected to repair the property pursuant to a provision of the insured's policy. The letter stated that there was, in fact, coverage for the insured's claim. However, People's Trust's investigation determined that certain damages were not covered. People's Trust denied coverage for the roof because the investigation concluded that Hurricane Irma was not the cause of the roof damage. People's Trust also denied coverage for the interior water damage, because the investigation concluded that this damage was caused by age related "wear, tear, and deterioration," which was not a covered loss under the insured's policy.

People's Trust did admit coverage for damage to the insured's soffit and fascia. However, since the cost of repair did not exceed the insured's deductible, no repairs were commenced on the property.

Significantly, the insured never informed People's Trust that he disputed its estimate or coverage determination. The insured also did not send People's Trust a competing estimate or a completed sworn proof of loss. Instead, over two years later, the insured filed a suit for breach of insurance contract. People's Trust moved to compel appraisal. An appraisal award was eventually entered in favor of the insured for $55,724.72, which now included the cost to replace the insured's roof and repair the interior water damage originally denied in the coverage determination letter. The insured moved for the trial court to confirm the appraisal award and for an award of attorney's fees pursuant to section 627.428. The trial court found that the insured was forced to file suit because People's Trust wrongly denied coverage for the roof and that the appraisal award was a direct result of the insured's lawsuit. The trial court then awarded the insured $10,500 in attorney's fees and costs. This appeal follows.

We review a trial court's determination of entitlement to attorney's fees based on interpretation of a statute de novo. *State Farm Fla. Ins. Co. v. Silber*, 72 So. 3d 286, 288 (Fla. 4th DCA 2011).

The trial court erred in awarding the insured attorney's fees because there was no dispute before the insured filed his breach of insurance contract suit. Section 627.428(1), Florida Statutes (2021), states:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

An insured moving for attorney's fees must prove that "the suit was filed for a legitimate purpose, and whether the filing acted as a necessary catalyst to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract." *State Farm Fla. Ins. Co. v. Lime Bay Condo., Inc.*, 187 So. 3d 932, 935 (Fla. 4th DCA 2016). For attorney's

2

fees to be awarded, there must have been "some dispute as to the amount owed by the insurer" before the insured filed suit. *Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1081 (Fla. 4th DCA 2009).

In this case, there was no dispute as to the amount owed because the insured did not inform People's Trust that he disputed its estimate or coverage determination letter. The insured did not send People's Trust a competing estimate or complete a sworn proof of loss. The first indication of disagreement was when the insured filed the complaint. Because the insured did not afford People's Trust an opportunity to compel appraisal before he filed suit, awarding attorney's fees in his favor is not appropriate. *Compare Jerkins v. USF & G Specialty Ins. Co.*, 982 So. 2d 15, 18 (Fla. 5th DCA 2008) (awarding the insured attorney's fees where, following a "bona fide dispute" as to the amount of loss, the insured sued the insurer and the insurer thereafter participated in appraisal, leading to an award of attorney's fees in favor of the insured), *with Federated Nat'l Ins. Co. v. Esposito*, 937 So. 2d 199, 200 (Fla. 4th DCA 2006) (holding that an award of attorney's fees to the insured was not appropriate where the insurer "timely participated in the appraisal and paid the award without the need for court intervention"), *and Nationwide Prop. & Cas. Ins. v. Bobinski*, 776 So. 2d 1047, 1048 (Fla. 5th DCA 2001) (holding an award of attorney's fees in favor of the insured was not appropriate where the insurer had participated in, completed, and paid the appraisal award before the insured filed suit seeking confirmation of the appraisal award).

This court's holding in *People's Trust Insurance Co. v. Farinato*, 315 So. 3d 724 (Fla. 4th DCA 2021), is persuasive. The insurer in *Farinato* sent a similar coverage determination letter, stating that "the policy provided coverage for damages to the interior of the home," but disclaimed coverage for the roof damage because it "'stemmed from age-related wear and tear,'" which was not a covered loss under the policy. *Id.* at 726. The insured sent the insurer an estimate exceeding that provided by the insurer. *Id.* The insurer demanded appraisal, and a few hours later, the insured filed suit for breach of insurance contract. *Id.* at 726-27. The insurer moved to compel appraisal, and an appraisal award was subsequently entered including the cost to repair the roof. *Id.* at 727.

This court held that awarding attorney's fees to the insured was not appropriate because the dispute between the parties did not showcase "a breakdown in the claims-adjusting process." *Id.* at 729. Thus, the lawsuit was not a "necessary catalyst" to resolving the insurance dispute, entitling the insured to attorney's fees. *Id.* Similarly, in this case, there was no breakdown in the claims-adjusting process because the insurer was never informed of a potential dispute until suit was filed. The insured must show

3

that he "attempted to resolve any differences without resorting to formal legal action" for an award of attorney's fees to be appropriate. *Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP*, 900 So. 2d 676, 679 (Fla. 4th DCA 2005) (awarding attorney's fees to an insured where parties actively disputed the coverage determination for nearly a year before suit was filed). The insured in this case made no effort to resolve the dispute without court intervention. Thus, he cannot recover attorney's fees.

The insured argues that suit was necessary for recovery, and that the instant case is distinguishable from *Farinato*, because People's Trust did not compel appraisal until after the complaint was filed. We disagree. "[W]hether suit is filed before or after the invocation of the appraisal process is not determinative of the insured's right to fees; rather, the right to fees turns upon whether the filing of the suit served a legitimate purpose." *Farinato*, 315 So. 3d at 729 (citation omitted). Additionally, People's Trust could not compel appraisal until after it was informed that a dispute existed. *See People's Tr. Ins. Co. v. Ortega*, 306 So. 3d 280, 285 (Fla. 3d DCA 2020) ("Triggering the appraisal provision requires the insured to timely comply with providing the insurance company information that substantiates the existence of a disagreement. For there to be a disagreement, the insurance company must be put on notice that the insured's damages estimate is different from the insurer's estimate and scope of repairs."). Because the first indication of disagreement was the complaint, People's Trust could not have compelled appraisal before the suit was filed. Thus, the fact that People's Trust did not compel appraisal until after suit was filed would not entitle the insured to attorney's fees in this case.

Finally, the denial of coverage for the roof and interior water damage did not constitute a denial of the entire claim entitling the insured to file suit immediately. In this case, all the damage constituted a single claim, where all of the damage was contained in the same building and occurred, allegedly, from the same incident. *See People's Tr. Ins. Co. v. Tracey*, 251 So. 3d 931, 933 (Fla. 4th DCA 2018). Because People's Trust admitted coverage for the soffit and fascia, it did not "wholly deny" coverage. *Id.* Thus, just like in *Farinato* where the insurer had denied coverage for the roof entirely, the insured still needed to address the discrepancy in the coverage determination before filing suit.

Since there was no prior dispute as to the amount owed, we hold that the insured's lawsuit was not a necessary catalyst to his recovery. Thus, we reverse and remand for the trial court to strike the order granting the insured attorney's fees.

*Reversed and remanded with instructions.*

GROSS and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**