DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOHN CHUN and JOY CHUN,

Appellants,

v.

CASTLE KEY INDEMNITY COMPANY,

Appellee.

No. 2D2024-1891
_____

November 7, 2025

Appeal from the Circuit Court for Pasco County; Alicia Polk, Judge.

Amanda Sidman and James Streeter Jenkins, III, of Jenkins Law, P.L., St. Petersburg, for Appellants.

David W. Molhem and Monique Wellman of Molhem & Fraley, P.A., Tampa, for Appellee.

KELLY, Judge.

John and Joy Chun appeal from the order denying their motion for an award of attorney's fees under section 627.428, Florida Statutes (2021). Because the Chuns' insurer's payment of policy proceeds after the Chuns filed suit amounted to a confession of judgment, the Chuns are entitled to an award of fees under section 627.428. Accordingly, we reverse.

The Chuns filed a claim for wind damage to their roof under their homeowners' policy issued by Castle Key Indemnity Company. Castle Key inspected the roof and determined that the cost to repair the damage was less than the $1,000 deductible. The Chuns disputed that determination and hired a public adjuster, who estimated the damage to the property to be $46,730.51. At the Chuns' request, Castle Key again inspected the property and advised the Chuns it stood by its original assessment that the damage was less than the $1,000 deductible. The Chuns then sued Castle Key for breach of the insurance contract. After unsuccessfully moving to dismiss the complaint, Castle Key invoked the appraisal provision of the contract.

The appraiser estimated the cost of repair to be $42,157.39. Ultimately, Castle Key paid the Chuns the appraisal amount, minus the deductible. Thereafter, the Chuns sought to recover their attorney's fees, arguing Castle Key's payment of the appraisal amount was the functional equivalent of a confession of judgment entitling them to an award of fees under section 627.428. The trial court denied the Chuns' motion for attorney's fees, finding that "the litigation was not necessary as either the insured or the insurer could have requested an appraisal, per the policy, without the need for litigation." This was error.

The parties in *Goff v. State Farm Florida Insurance Co.*, 999 So. 2d 684 (Fla. 2d DCA 2008), found themselves in a posture comparable to the parties here. As here, before suit was filed the parties came to vastly different conclusions regarding the value of the insureds' loss. *See id.* at 686. As here, the insurer requested appraisal only after the insured filed suit. *See id.* This court held that the insured was entitled to section 627.428 attorney's fees "because [the insureds'] lawsuit forced State Farm to request an appraisal and to pay significant additional amounts."

*Id.* at 688. It mattered not that the insureds filed suit without first seeking appraisal. *See id.* at 686 n.2, 687 (explaining that engaging in the appraisal process was not a prerequisite to suing under the policy's appraisal provision). The same is true here, and the trial court erred when it concluded otherwise.

Castle Key seeks to distinguish *Goff*, arguing it was unnecessary for the Chuns to file suit—that they "race[d] to the courthouse" rather than making Castle Key aware that they disagreed with its damage evaluation and giving it an opportunity to resolve the dispute before they filed suit. The record does not support this contention.

When Castle Key initially inspected the roof, it found the cost to repair the damage to be less than the deductible. The Chuns disagreed with that assessment, presented Castle Key with a private adjustor's estimate of $46,730.51, and requested reinspection. After reinspecting the roof, Castle Key responded that it stood by its original determination regarding the extent of the covered damage. In other words, it rejected the damage estimate presented by the Chuns and reiterated its position that the damage could be repaired for an amount that was less than the Chuns' deductible. Further, after the Chuns filed suit, Castle Key sent a letter to the Chuns acknowledging the dispute: "We regret that you and our client have been unable to come to an agreement as to the amount payable with respect to the above-referenced claim."

The facts in *First Floridian Auto & Home Insurance Co. v. Myrick*, 969 So. 2d 1121, 1123 (Fla. 2d DCA 2007), are similar to this case. In *Myrick*, this court explained:

> First Floridian argues that Ms. Myrick's lawsuit was unnecessary; she could have made further inquiry, provided additional information for First Floridian's consideration, or initiated the appraisal process. First Floridian suggests that

3

> Ms. Myrick filed a lawsuit primarily to obtain attorney's fees. . . .
>
> . . . We cannot conclude that Ms. Myrick filed her lawsuit for any improper purpose. After all, Ms. Myrick initially submitted a proof of loss in the amount of $104,000, an amount significantly higher than the amount First Floridian was willing to pay. Through her public adjuster, she questioned the scope and method of the proposed remediation plan. First Floridian did not respond. First Floridian did not request additional information from Ms. Myrick and did not invoke the appraisal process prior to suit. When Ms. Myrick filed her lawsuit, First Floridian raised a coverage defense for the first time. First Floridian continued with litigation for several months before it invoked the appraisal process. That process resulted in Ms. Myrick receiving substantial additional sums.

*Id.* at 1124.

In this case, as in *Myrick*, the Chuns hired a public adjuster, who found that a new roof was required. Castle Key reinspected the property and did not change its position. It did not request further information or invoke the appraisal process before suit. Without the Chuns filing suit, Castle Key would have taken no further action on the claim. Thus, the suit was filed for the legitimate purpose of resolving the dispute in the amount of coverage. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

ATKINSON and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.